In the Matter of Robert W. Carey et al., Petitioners, against Ferdinand Q. Morton, as President of the Municipal Civil Service Commission of the City of New York, et al., Respondents et al., Interveners, Respondents.

Supreme Court, Special Term, New York County, November 26, 1947.

*H. Eliot Kaplan* and *Samuel D. Smoleff* for petitioners.

*Charles E. Murphy, Corporation Counsel (Frank A. Piazza* and *Harry Hollander* of counsel) for respondents constituting the Municipal Civil Service Commission of the City of New York.

*Robert H. Schaffer* and *Leo Brown* for interveners, respondents.

* Cf. *Matter of Barry* v. *Chapman,* 189 Misc. 928. —.[Rep.

McGEEHAN, J. This application, brought on behalf of the petitioners, seeks an order directing the Municipal Civil Service Commission of the City of New York to rescind its action in granting disabled veteran's preference on trivial, insubstantial or frivolous grounds in connection with the promotion eligible list for lieutenant, Fire Department of the City of New York.

The petitioners Robert W. Carey and Julius L. Fried are veterans of World War II. The petition presented to this court alleges that of the many veterans on the eligible list for lieutenant, a substantial number of said veterans have claimed and have been granted disabled veterans' preference under section 6 of article V of the Constitution of the State of New York. That while a number of these have been properly granted, there remains a number that have been granted disabled veterans' preference upon trivial or insubstantial conditions not resulting in any physical depreciaton of impaired physique or lessening of bodily force or disfigurement and not constituting a disability as that term is understood in both medical and nonmedical usage. It is alleged that these men have received an advantage that is not rightfully theirs and which should be conferred only upon veterans suffering from an actual and real disability. It appears that the Veterans' Administration is obliged to apply a schedule of disability ratings commencing with a minimum or initial degree of disability of 10% for compensation and pension purposes. It is alleged that for the purpose of civil service ratings the Municipal Civil Service Commission of the City of New York has adopted a policy of recognizing so-called disabilities of less than 10% as sufficient to warrant granting a disabled veteran's preference. Such a policy has a serious effect on all veterans and nonveterans who are seeking appointment to civil service positions.

This matter calls for an analysis that is devoid of sentiment and is concerned only with the administration of civil service principles in the light of existing law.

A disability means a state of subnormalcy — an impairment of the normal functions or appearance of an individual. It is apparent that those disabilities rated by the Veterans' Administration at less than 10% are those instances where the individual is a normal person under no recognized handicap sufficient to create a condition of subnormalcy; but rather that such individual possesses an imperfection or irregularity that is more or less incidental to a normal person. For such imperfections and irregularities even veterans cannot expect advantage in civil service not definitely and specifically conferred upon them in

clear and unmistakable language. In the absence of such language this court cannot find a satisfactory basis or justification for conferring disabled veterans' preferences in those cases where the Veterans' Administration, which has always served and favored the veterans' interests wherever possible, has seen fit to classify as less than compensable, i.e., 10%.

There are no provisions made in either the State or Federal Constitutions for a different standard to be applied as to disabled veterans when dealing with civil service matters than that to be applied for compensation and pension purposes. Administrative interpretation cannot augment or enlarge constitutional provisions and no compelling reason appears in law or logic in the light of prevailing conditions that would warrant the confusion and uncertainty that would arise from permitting different standards to be applied by each of the different administrative officials. This being a court of equity, it must not be unmindful that the residents of New York live under a well-formulated plan of law and order in civil as well as in criminal matters, and that equity favors order and certainty rather than disorder and uncertainty; that society prefers a recognized and uniform standard predicated upon experience and duly recognized law to administrative fiats that may vary and differ one from another, depending on circumstances entirely extraneous to the real issue. Accordingly, this court lays down the rule that under the prevailing conditions "disability" requires at least a 10% rating by the Veterans' Administration and that anything less cannot be the basis for a "disability" preference in civil service.

The motion is accordingly granted. Settle order.